BIRCH, Circuit Judge:
Appellant TranSouth Financial Corporation of America (“TranSouth”) appeals from an order of the United States District Court for the Middle District of Florida (the “District Court”). The District Court refused to award attorney’s fees to Tran-South after TranSouth had been granted relief in a dischargeability proceeding pursuant to section 523(a)(2) of the Bankruptcy Code (“Section 523(a)(2)”). The question before this court is whether a creditor successful in a dischargeability proceeding may recover its attorney’s fees when such fees are provided for by the contract at issue between the creditor and debtor. We hold that a creditor may recover attorney’s fees under these circumstances. Once a debt has been determined nondischargeable, a creditor’s attorney’s fees, if provided for by contract, are included as part of the nondischargeable debt. We VACATE and REMAND.
I. BACKGROUND
In December, 1985, TranSouth established, in exchange for a promissory note (“the Note”), a revolving line of credit loan for Ralph Jennings Johnson and Vera Johnson (“the Johnsons”). The Note provided *1506 that in the event the Johnsons defaulted on the loan payments and TranSouth had to engage attorneys to collect the balance due, the Johnsons would be liable, up to a stated amount, for TranSouth’s attorney’s fees. The Johnsons subsequently filed a petition in the Bankruptcy Court for an order of relief under Chapter 7 of the Bankruptcy Code.
After the Johnsons filed for bankruptcy, TranSouth initiated an adversary proceeding in the Bankruptcy Court pursuant to Section 523(a)(2).[1] TranSouth and the Johnsons settled this dispute and filed a “Stipulation For Settlement” (“the Stipulation”) with the Bankruptcy Court. The Stipulation provided: (1) TranSouth is a creditor of the Johnsons; (2) TranSouth has incurred costs in this adversary proceeding; (8) judgment should be entered in favor of TranSouth for an amount equal to the principal of the debt, the costs incurred in its collection, interest, and reasonable attorney’s fees as provided by the Note; and (4) the debt at issue qualifies as an exception to discharge pursuant to Section 523(a)(2).
Pursuant to the Stipulation, the Bankruptcy Court entered judgment in favor of TranSouth. The judgment allowed Tran-South to collect the principal amount of the debt, as well as the costs incurred in its collection and interest. The Bankruptcy Court-also ordered, however, that notwithstanding the terms of the Stipulation and the Note, there was no authority to support an award of attorney's fees in this type of dischargeability proceeding. Thus, Tran-South would not be awarded attorney’s fees.
TranSouth appealed to the District Court from the Bankruptcy Court’s denial of its request for attorney's fees. Citing the legislative history of Section 523, the District Court affirmed the Bankruptcy Court’s order. TranSouth’s appeal from the District Court’s denial of TranSouth’s request for attorney’s fees is now before this court.
II. DISCUSSION[2]
To determine whether a creditor successful in a discharge action is entitled *1507 to attorney’s fees, we must analyze the meaning of Section 523. When interpreting a statute, a court’s analysis should begin with the actual language of the statute, and should be consistent with the plain meaning of the statutory language. See Bd. of Educ. v. Mergens,-U.S. -, -, 110 S.Ct. 2356, 2364, 110 L.Ed.2d 191 (1990); Mallard v. U.S. District Court, 490 U.S. 296, 300-01, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989); In re Davis (Davis v. Davis), 911 F.2d 560, 562 (11th Cir.1990). Thus, we begin by examining the language of Section 523.
Section 523 provides that the Bankruptcy Code will not discharge an individual debt- or from any debt that meets the requirements of Section 523. If a creditor is able to establish the requisite elements of Section 523, the creditor is entitled to collect “the whole of any debt” he is owed by the debtor. In re Martin (Martin v. Bank of Germantown), 761 F.2d 1163, 1168 (6th Cir.1985). The Stipulation establishes that the elements of a Section 523 discharge have been met. Thus, our interpretation of the language of Section 523 focuses on the meaning of “debt,” and whether the definition of “debt” encompasses a creditor’s contractual attorney’s fees.
The Bankruptcy Code defines “debt” as “liability on a claim.” 11 U.S.C. § 101(11). “Claim” is defined as “right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.” 11 U.S.C. § 101(4)(A). “It is established that ‘debt’ is to be given a broad and expansive reading for purposes of the Bankruptcy Code.” In re Chase & Sanborn Corp. (Nordberg v. Arab Banking Corp.), 904 F.2d 588, 595 (11th Cir.1990). Therefore, the “debt” excused from discharge in a successful Section 523 action would appear to include a debtor’s contractual obligation to pay a creditor’s attorney’s fees.
Our reading of the Bankruptcy Code’s plain language is reinforced by the principal that attorney’s fees are properly awarded to a creditor prevailing in a bankruptcy claim if there exists a statute or valid contract providing therefor. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967); In re Martin, 761 F.2d at 1168; Nat Harrison Assoc., Inc. v. Gulf States Utilities Co., 491 F.2d 578, 588-589 (5th Cir.1974). Section 523 does not expressly state that creditors successful in dischargeability proceedings are entitled to recover attorney’s fees.[3] Thus, we must examine the enforceability of the provision in the Note entitling TranSouth to recover attorney’s fees.
“The construction of [a] contract for attorney’s fees presents ... a question of local law.” Security Mortgage Co. v. Powers, 278 U.S. 149, 154, 49 S.Ct. 84, 85, 73 *1508 L.Ed. 236 (1928); see also In re Martin, 761 F.2d at 1168. The Note clearly and unambiguously provides that the Johnsons would be liable for TranSouth’s attorney’s fees in the event the Johnsons defaulted and TranSouth had to hire an attorney to collect the balance due on the Note. Florida law validates and enforces such contractual provisions for reasonable attorney’s fees. See, e.g., Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987); Sybert v. Combs, 555 So.2d 1313, 1313-1314 (Fla.Dist.Ct.App.1990).
“One of the primary purposes of the bankruptcy act is to ‘relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh_’ ... [The bankruptcy act] gives to the honest but unfortunate debtor ... a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.” Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (quoting Williams v. U.S. Fidelity & Guaranty Co., 236 U.S. 549, 554-555, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915)); see also Grogan v. Garner,-U.S. -, -, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). To help ensure that a debtor will not lose this protection in the context of a dischargeability proceeding, Section 523(d) provides that a prevailing debtor often will be entitled to recover its attorney’s fees and damages from the creditor initiating the proceeding.[4] This section is designed to prevent creditors from using the threat of litigation to coerce debtors into settlements in situations where the debtor likely would be entitled to discharge.[5] This desire to protect debtors from coercive settlements also explains the absence of a blanket statutory right for a successful creditor to recover attorney’s fees.
Allowing TranSouth to recover attorney’s fees under the circumstances of this case will not contravene the “fresh start” policy of the Bankruptcy Code, which was designed to protect the honest debtor. The debtor attempting to abuse the proceedings of bankruptcy is not entitled to the complete medley of Bankruptcy Code protections. The Bankruptcy Code thereby attempts to discourage such abuse. “Fraudulent conduct is best discouraged, not only by denying discharge, but also by ... [recognizing that] the creditor who has been defrauded is entitled to all of its *1509 rights under the contract, including reasonable attorney fees.” In re Sears (Pacific Bancorporation v. Sears), 102 B.R. 781, 785 (Bankr.S.D.Cal.1989) (quoting Chase Manhattan Bank v. Birkland, 98 B.R. 35, 37 (Bankr.W.D.Wash.1988)).
The protective policy of Section 523(d) will not be weakened by enforcement of the Note’s attorney’s fee provision. There are several sections in the Bankruptcy Code which are designed to ensure that a debtor in a dischargeability proceeding will not be unfairly disadvantaged. First, Section 523(d) itself allows an honest debtor to defend against a dischargeability action without regard to the cost of attorney’s fees. Second, a creditor seeking an exception to discharge carries a substantial burden, having to prove that the debtor’s conduct meets all of the requirements of a Section 523 discharge. In re Crosslin, 14 B.R. 656, 658 (Bankr.M.D.Tenn.1981). This is made more difficult because exceptions to discharge are strictly construed by the courts. See Gleason v. Thaw, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). Third, Section 524(c)-(d) establishes an exhaustive, court-monitored procedure[6] that must be followed before a settlement between a debtor and creditor will be approved by the court. Any settlement agreement will be strictly scrutinized. Forced settlements arising from the disparate strengths of the creditor and debtor, typically disadvantageous to the debtor, will not receive court approval.
III. CONCLUSION
After examining the plain language of Section 523 and the policy of the Bankruptcy Code, in general, and Section 523, in particular, we hold that a creditor successful in a dischargeability proceeding may recover attorney’s fees when such fees are provided for by an enforceable contract between the creditor and debtor. Accordingly, we VACATE the district court’s order and REMAND for proceedings consistent with this opinion.

. 11 U.S.C. § 523(a)(2) provides:
(a) A discharge ... does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition;
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor’s or an insider’s financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made with intent to deceive....

. The dissent submits that no "case or controversy” jurisdictional predicate exists in the instant case suggesting collusion among Tran-South, the Johnsons, and their respective counsel to create a controversy. While the concern of the dissent is legitimate, its analysis is unpersuasive. The cases cited by the dissent appear inapposite to the facts in this case. None of those decisions address a situation where an intervening participant creates the controversy. In this case TranSouth agreed to accept certain amounts in settlement of its claim. The dissent speculates that the motivation for TranSouth’s not exacting the maximum amount due under the note (including interest and attorney's fees) was to set up the attorney’s fee issue on appeal and eliminate any adversary on that issue. This analysis appears to be predicated upon speculation and a skewed focus.
At the time of settlement TranSouth was unaware of how the Bankruptcy Court would rule relative to the attorney’s fee component of the settlement. Moreover, from the Johnsons’ standpoint, there may have been other motivations for structuring the settlement in the manner accomplished. For instance, since the attorney’s fees amount might qualify as an income tax deduction while the repayment of a debt would not be tax beneficial (and taxes are non-dischargeable debts), the settlement structure may have been advantageous to the Johnsons. However, even this alternative motivation is equally speculative. The critical element present in this case, not present in those cases relied upon by the dissent, is the intervention of the Bankruptcy Court’s denial of allowance of the attorney’s fee component of the settlement agreement.
The present controversy presents considerations similar to those in Aetna Casualty and Surety Co. v. Cunningham, 224 F.2d 478, 480-81 (5th Cir.1955), relative to a litigant’s right to seek a decision of satisfactory "quality” notwithstanding that the "quantity” of it will be the same, particularly where the decision will have *1507 a potentially great impact on its on-going business interests. Moreover, in the case at bar, a real controversy was created by the action of the Bankruptcy Court in its denial of the attorney's fee component of the settlement based upon its interpretation of Section 523(d); a result which was not dictated by any binding decision of this court. The ruling of the Bankruptcy Court deprived TranSouth of $300.00 to which it contends it is entitled. TranSouth is understandably willing to expend sums greater than that amount to seek a determination of its rights on an issue which will have a significant impact on its on-going business activities, and, manifestly, that of all lenders. In this regard, this case is analogous to Todman v. Todman, 571 F.2d 149 (3d Cir.1978). The dissent recognizes this impact when it notes that the majority's decision will determine the effect of attorney’s fee contract provisions in dischargeability actions under Section 523.
The dissent suggests that since the impecunious Johnsons have not contested this issue, the outcome is a forgone conclusion. This may come as a surprise to TranSouth, the bearer of the burden on appeal of overcoming the well articulated decisions of the Bankruptcy Court and the District Court, existing contrary precedent, and the eloquent antagonism of the dissent to the majority’s resolution of this issue.

. Although Section 523(d) expressly states that debtors who prevail in dischargeability proceedings may recover attorney's fees, Section 523 is silent as to whether creditors may be entitled to attorney’s fees as a consequence of prevailing in such an action. This statutory silence does not preclude a contractual award of attorney’s fees to a creditor successful in a dischargeability proceeding; it merely does not provide a separate statutory basis for such an award.

. Section 523(d) provides:
(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney’s fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

. The legislative history of Section 523(d) provides:
The threat of litigation over this exception to discharge and its attendant costs are often enough to induce the debtor to settle for a reduced sum, in order to avoid the costs of litigation. Thus, creditors with marginal cases are usually able to have at least part of their claim excepted from discharge (or reaffirmed), even though the merits of the case are weak.
In order to balance the scales more fairly in this area, H.R. 8200 adopts a compromise. The false financial statement exception is retained, and the creditor, as under current law, is required to initiate the proceedings to determine if the debt is nondischargeable. If the debtor prevails, however, the creditor is taxed costs and attorney’s fees, and may be taxed any actual pecuniary damages, such as a loss of a day’s work, that the debtor may have suffered as a result of the litigation. The present pressure on the honest debtor to settle in order to avoid attorney’s fees in litigation over a creditor-induced false statement is eliminated. The creditor is protected from dishonest debtors by the continuance of the exception to discharge.
The bill does not award the creditor attorney’s fees if the creditor prevails. Though such a balance might seem fair at first blush, such a provision would restore the balance back in favor of the creditor by inducing debtors to settle no matter what the merits of their cases. In addition, the creditor is generally better able to bear the costs of litigation than a bankrupt debtor, and it is likely that a creditor’s attorney’s fees would be substantially higher than a debtor’s, putting an additional disincentive on the debtor to litigate.
H.R.Rep. No. 595, 95th Cong., 1st Sess. at 131, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6092.

. Section 524(c) applies to a settlement agreement entered into before the court has determined whether to grant the debtor a discharge. This section provides that an agreement between a creditor and a debtor whereby the debt- or agrees to pay a dischargeable debt is enforceable only if certain conditions are met: (1) the agreement is enforceable under applicable non-bankruptcy law; (2) the agreement was made before the court granted the debtor's discharge; (3) the agreement clearly states that the debtor may rescind the agreement any time before discharge is granted or within 60 days after the agreement is filed with the court, whichever is later, by notifying the creditor; (4) if the debtor is represented by an attorney, the attorney submits his affidavit along with the agreement stating that the debtor voluntarily entered into the agreement and that the agreement will not impose an undue hardship on the debtor; (5) if the debtor is not represented by an attorney, the court finds that the agreement will not impose an undue hardship on the debtor and the agreement is in the best interests of the debtor; and (6) the debtor does not rescind the agreement before discharge is granted or within sixty days after the agreement was filed, whichever is later.
Section 524(d) applies to a settlement agreement entered into after the court has determined whether to grant the debtor a discharge. This section provides that when the court has made its decision concerning the debtor’s discharge, and the debtor is an individual, the court may hold a hearing, at which the debtor shall appear in person. At this hearing, the court shall inform the debtor of its decision. If a discharge has been granted, and the debtor still wishes to make an agreement with a creditor to pay a dischargeable debt, the court then shall hold a hearing at which the debtor shall appear in person. At this hearing, the court shall inform the debtor that this type of agreement is not required by law. The court shall also inform the debtor of the legal effect and consequences of entering into and of defaulting on this type of agreement. If the agreement provides that the debtor will pay a consumer debt that was not secured by real property of the debtor (the type of debt in this case), the court also shall decide at the hearing whether the agreement the debtor wishes to enter imposes an undue hardship on the debtor, and whether the agreement is in the debtor’s best interests.