**In re C. Wendell COLLINS, Debtor.**

**C. Wendell COLLINS, Plaintiff–Appellant,**

v.

**PALM BEACH SAVINGS & LOAN, Defendant–Appellee.**

No. 90–5674.

United States Court of Appeals, Eleventh Circuit.

Nov. 8, 1991.

Robert C. Furr, Boca Raton, Fla., for plaintiff-appellant.

Roger C. Hurd, Palm Beach Gardens, Fla., for defendant-appellee.

Before HATCHETT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

BIRCH, Circuit Judge:

Appellant C. Wendell Collins appeals from the order of the United States District Court for the Southern District of Florida affirming the final judgment of the United States Bankruptcy Court for the Southern District of Florida. The bankruptcy court rejected Collins's affirmative defense that he should have been relieved from his debt to Appellee Palm Beach Savings and Loan ("Palm Beach"). The bankruptcy court concluded that Palm Beach had proved that Collins's debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) (1988). Collins asserts that Palm Beach's failure to file a UCC–1 form, perfecting its security interest in the collateral Collins pledged for his $150,000 loan, was the proximate cause of Palm Beach's injury. The bankruptcy court, after finding that Collins intentionally misrepresented that his collateral property was free and clear when in fact he had assigned the same property twice previously, concluded that Collins's fraud was the legal cause of Palm Beach's injury. For the reasons that follow, we find Collins's

assertions to be without merit. Therefore, we AFFIRM the order of the district court.

## I. BACKGROUND

On October 30, 1986, Collins executed a promissory note in the amount of $150,000 in return for an extension of credit from Palm Beach. Prior to loan approval, Palm Beach required Collins to deliver a financial statement, as well as an affidavit, signed by the debtor and stating in part that the property delivered by Collins as collateral had not been assigned, sold or transferred to any other person or entity. Collins's statements with regard to the collateral were false; Collins had assigned the collateral property twice previously.

In a file memorandum regarding the Collins loan, Palm Beach stated that the loan was approved, as well as that the loan commitment was subject to the filing of the UCC–1 form. Palm Beach never filed the UCC–1 form required for perfection of its interest in the Collins collateral. Although the two prior secured creditors had not perfected their interests in the collateral property, Palm Beach was unable to foreclose on the property because it had not perfected its interest. Had Palm Beach perfected its interest, it would have been the superior lienholder.

After defaulting on his note to Palm Beach, Collins filed for bankruptcy protection. The bankruptcy court held Collins's debt to Palm Beach to be nondischargeable due to Palm Beach's reasonable reliance on the written, materially false statement Collins intentionally made with respect to his financial condition. *See* 11 U.S.C. § 523(a)(2)(B) (1988).

## II. DISCUSSION

Collins appeals the bankruptcy court's denial of his affirmative defense that his debt to Palm Beach should have been discharged. Collins asserts that his debt to Palm Beach is dischargeable because his false financial statements were not the proximate cause of Palm Beach's harm. Additionally, Collins alleges that Palm Beach did not reasonably rely on Collins's false statements to its detriment because Palm Beach did not perfect its security interest in the collateral property, as required by its own approval process.

### A. *Proximate Causation*

■ Collins argues that the bankruptcy court improperly concluded that Collins's affirmative defense, based on an alleged lack of causation, did not state a valid defense. We review this conclusion by the bankruptcy court under a plenary standard. *See In re T & B Gen. Contracting, Inc.,* 833 F.2d 1455, 1460 (11th Cir.1987). ("The bankruptcy court's legal conclusions are subject to complete review by this court."). Collins correctly asserts that there is a causation requirement implied in the exception to discharge provided in § 523(a)(2)(B). *See In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986) (holding that one of the requirements for an exception from discharge is that the creditor "sustained a loss as a result of the representation."). In an order denying rehearing, the bankruptcy court confirmed that it had not rejected Collins's affirmative defense based on any disagreement with the case law finding proximate cause to be an essential element of proof under § 523(a)(2)(B). The bankruptcy court simply found that Collins's false statements were the proximate cause of Palm Beach's harm.

Collins argues that the bankruptcy court erred in concluding that his false financial statements caused Palm Beach's harm. We shall review this finding of fact for clear error. *See T & B Gen. Contracting,* 833 F.2d at 1460. Although Palm Beach could have prevented its own injury by perfecting its interest in Collins's collateral property, the Bankruptcy Code does not require such diligence on the part of a creditor induced by fraudulent means in extending credit to a debtor. It is the honest debtor which Congress intended to protect through the Bankruptcy Code, especially when discharging a bankrupt's debts. " 'One of the primary purposes of the bankruptcy act is to "relieve the *honest* debtor from the weight of oppressive indebtedness and permit him to start afresh." ' " *Transouth Fin. Corp. of Flor-*

*ida v. Johnson,* 931 F.2d 1505, 1508 (11th Cir.1991) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (quoting *Williams v. U.S. Fidelity & Guar. Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915) (emphasis added))).

Congress provided for nondischargeability in order that dishonest debtors would not benefit from their wrongdoing. "The debtor attempting to abuse the proceedings of bankruptcy is not entitled to the complete medley of Bankruptcy Code protections. The Bankruptcy Code thereby attempts to discourage such abuse." *Id.* If Collins had not made false representations as to the status of his collateral property, Palm Beach would not have loaned Collins $150,000. Therefore, we find no error in the bankruptcy court's finding that Collins's false statements were the proximate cause of Palm Beach's harm.

## B. *Reasonable Reliance*

█ Collins asserts that his affirmative defense to the nondischargeability of his debt to Palm Beach should have been accepted because Palm Beach failed to prove that it reasonably relied on the false statements which caused its financial injury. The bankruptcy court's finding that Palm Beach reasonably relied on Collins's false statement was a finding of fact. We will reject such a finding only if it is clearly erroneous. *See T & B Gen. Contracting,* 833 F.2d at 1460.

Collins claims that it was clear error for the bankruptcy court to find that Palm Beach's reliance was reasonable. Collins contends that Palm Beach's own approval process made its approval of a loan to Collins subject to the filing of a UCC–1 form. If Palm Beach was negligent in not filing this form, Collins argues that Palm Beach's reliance on Collins's false statements could not have been reasonable. However, Collins's interpretation of Palm Beach's "subject to" language is incorrect. Palm Beach approved the loan to Collins when it transferred the money to him. The condition precedent regarding the filing of the UCC–1 form required that Collins sign the UCC–1 form, as a necessary element of perfection, should it be requested of him.

The condition precedent was not a restriction that Palm Beach placed upon itself.

After concluding that the filing of the UCC–1 form by Palm Beach was not part of the approval process, Collins can only challenge the reasonableness of Palm Beach's reliance on the basis of its failure to do a certain act subsequent to its approval of Collins's loan request. We find the reasoning of the Seventh Circuit persuasive regarding the merit of such a challenge. "The reasonableness of [a creditor's] conduct after turning over his money is ... irrelevant to the reasonableness of his reliance on the representation which induced the loan in the first place." *Carini v. Matera,* 592 F.2d 378, 381 (7th Cir. 1979). Therefore, we accept the bankruptcy court's findings regarding Palm Beach's reasonable reliance and affirm the holding of the district court.

## III. CONCLUSION

We find the factual and legal conclusions of the bankruptcy court to be without error. Therefore, we AFFIRM the order of the district court denying Collins relief from his debt to Palm Beach.