In re Paul A. BILZERIAN, Debtor.

BICOASTAL CORPORATION, d/b/a Simuflite, a/k/a The Singer Company, Plaintiff,

v.

Paul A. BILZERIAN, Defendant.

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–635.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 24, 1994.

Paul A. Bilzerian, pro se.

Harley Riedel, Tampa, FL, for plaintiff.

Catherine M. Shea, Washington, DC, for SEC.

Susan Roark Waldron, Washington, DC, for U.S.

James C. Orr, Titusville, FL, Trustee.

Andrew Brumby, Orlando, FL, Roberta Colton, Tampa, FL, Paul Singerman, Miami, FL, Stephen Meininger, Tampa, FL, for trustee.

Philip Anker, Washington, DC.

Catherine McEwen, Tampa, FL.

Donald Whittemore, Tampa, FL.

## ORDER ON MOTION TO EXTEND TIME TO FILE MOTION TO INTERVENE AND MOTION TO INTERVENE IN ADVERSARY PROCEEDING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion to Intervene in the above-captioned adversary proceeding, filed by the United States of America (Government). The adversary proceeding was commenced by Bicoastal Corporation, d/b/a Simuflite, f/k/a The Singer Company (Bicoastal) in which Bicoastal sought a determination that Paul A. Bilzerian (Debtor) is not entitled to the protection of the general discharge.

The Motion filed by the Government seeks to intervene in this adversary proceeding after the original Plaintiff who filed the Complaint filed a Motion to Voluntarily Dismiss

its Complaint in which it challenged the Debtor's right to a general discharge. The Securities and Exchange Commission (SEC) also filed a Motion and sought an extension of time to file a Motion to Intervene but because of lack of notice the SEC's Motion is yet to be scheduled for hearing. The Government's Motion was heard in due course and the Court having heard argument of counsel and having considered the record, now finds the facts relevant to the Government's right to intervene which are basically undisputed and may be summarized as follows.

On November 3, 1993, Bicoastal and the Debtor filed a Joint Motion and Stipulation in this adversary proceeding and sought the entry of an Order dismissing the Complaint filed by Bicoastal. On November 12, 1993, this Court entered an Order and dismissed the adversary proceeding based on the stipulation between Bicoastal and the Debtor. However, the Court also provided that a copy of the Order was to be served on all parties of interest and any creditor shall be permitted, if they so desire, to seek an intervention and be substituted as a party-plaintiff within 15 days from the date of the entry of the Order. On November 26, 1993, the SEC filed a Motion and sought an order extending the time to intervene. On November 26, 1993, or within the time fixed by this Court, the Government filed a Motion seeking permission to intervene and be substituted as Plaintiff in this adversary proceeding and to prosecute the Complaint against the Debtor originally filed by Bicoastal.

■ The contention of the Debtor advanced in opposition to the Government's Motion under consideration is threefold: first, it is contended by the Debtor that F.R.B.P. 7024, which deals with the right to intervene, that subdivision (a), which deals with intervention as a right, and that subdivision (b) which deals with permissive intervention are not applicable in this particular instance. This is so, according to the Debtor, because, even a cursory reading of the Motion leaves no doubt that the Government does not really seek to intervene at all but merely seeks a substitution as the Plaintiff replacing Bicoastal, the original Plaintiff who

commenced this adversary proceeding. Intervention presupposes that there is a plaintiff or a defendant who will remain a litigant and the movant merely wants to join in the pending lawsuit either as a plaintiff or as a defendant in order to protect a specific right. The Debtor properly analyzed the applicability of F.R.B.P. 7024 to the instant factual setting and the Motion of the Government cannot be supported by F.R.B.P. 7024 for the reasons stated.

■ Second, the Debtor contends that F.R.B.P. 7025 entitled "Substitution of Parties" is equally inapplicable. Substitution of parties under this Rule is limited and is permitted only under certain and specific instances which are as follows: (a) in case of death of a litigant, (b) incompetency of a litigant, (c) transfer of interest, or (d) substitution of an officer who is no longer an officer because of death or separation from office. It is evident that none of the provisions of F.R.B.P. 7025 recited above apply to the facts involved in this adversary proceeding. It follows that the Debtor is correct that this Rule is equally inapplicable in the present instance and would not support the Government's Motion under consideration.

■ Third, it is the contention of the Debtor that the notice requirement in F.R.B.P. 7041 to other parties of interest was designed solely to prevent collusion and to prevent a debtor from "buying a discharge" by paying off the plaintiff who challenged in the complaint the debtor's right to a discharge. In support of this proposition, the Debtor urges that it is evident that the Rule was designed solely for the purpose of preventing dismissal of a complaint objecting to discharge at the instance of a plaintiff if the plaintiff was offered or received money or property, or remuneration, reward or advantage for the voluntary dismissal. In support of this proposition, the Debtor filed a document entitled "Declaration of Paul A. Bilzerian in Opposition to Motion of United States of America to Intervene in Adversary Proceeding." In this declaration the Debtor states that he was not offered or conferred any benefit upon Bicoastal in exchange for the voluntary dismissal and that no third party offered or conferred any benefits upon

Bicoastal in exchange for the voluntary dismissal of the complaint in which Bicoastal challenged his right to a discharge. Accordingly, so contends the Debtor, since there is no evidence in this record to establish that he is guilty of the prohibited conduct, the Complaint should stand dismissed and the Government's Motion to Intervene and to be substituted as Plaintiff should be denied.

First, it cannot be gainsaid that one of the reasons the notice requirement was inserted in F.R.B.P. 7041 was to prevent collusion between the debtor and the plaintiff who filed the § 727(a) complaint. However, this was certainly was not the only reason. It is uniformly recognized that the general policy of the law always has been to preserve the privilege of discharge to honest debtors only. *Matter of Garman,* 643 F.2d 1252 (7th Cir.1980); *In re Collins,* 946 F.2d 815, 816 (11th Cir.1991), *quoting Transouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505, 1508 (11th Cir.1991), *quoting Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934), *quoting Williams v. U.S. Fidelity & Guaranty Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). To carry out this policy, it is self-evident that other parties in interest should be given an opportunity to prosecute a complaint objecting to debtor's discharge initially filed by another creditor if the original plaintiff elected, for reasons of its own, e.g., lack of funds to pursue and prosecute the complaint, not to pursue prosecution.

Moreover, Rule 7041 clearly permits the Court to impose such terms and conditions as appear to be proper before dismissing the original complaint. One of the conditions may be a requirement that the complaint shall not be dismissed before other parties of interest are given an opportunity to pursue the matter and prosecute the original complaint.

In this connection, it should be pointed out, however, that the foregoing should not be construed to permit the Government to assert new allegations. The issues to be tried are limited to the issues raised in the original Complaint filed by Bicoastal and the Government is not permitted to assert new claims or new grounds to bar the Debtor's discharge. This is so because the time bar fixed by F.R.B.P. 4004, which requires in subdivision (a) that any complaint objecting to discharge pursuant to § 727 shall be filed not later than 60 days from the first date set for the meeting of creditors held pursuant to § 341, has expired.

As noted earlier, the Motion to Extend the Time filed by the SEC was not scheduled for hearing, but this Court is satisfied that it is appropriate to consider the matter, especially since counsel for the SEC was also present at the hearing on the Government's Motion to Intervene. Earlier in this case, the SEC filed a Complaint, adversary proceeding No. 92–605, pursuant to § 523(a)(2)(A) seeking a determination that a debt allegedly owed by Bilzerian to the SEC is nondischargeable. On February 22, 1993, this Court entered an Order and dismissed the Complaint on the ground that the SEC had no standing to assert such a claim because the SEC is not a creditor of the Debtor. For this reason, this Court is satisfied that the SEC does not having standing to intervene in the § 727 Complaint. Therefore, the request to extend the time to file a Motion to Intervene is academic.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Extend Time to File Motion to Intervene filed by the Securities and Exchange Commission be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Intervene in Adversary Proceeding filed by the United States of America be, and the same is hereby, granted and the United States of America is substituted as Plaintiff in the above-captioned adversary proceeding. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference be, and the same is hereby, scheduled to be held before the undersigned on March 24, 1994 at 4:00 p.m. to prepare this adversary proceeding for trial.

DONE AND ORDERED.