In re Edward C. DENTON, Debtor.

Mary Benell THORNTON, Plaintiff,

v.

Edward C. DENTON, Defendant.

Bankruptcy No. 95–06212–6b7.
Adversary No. 96–59.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Sept. 17, 1996.

David Wildman, Melbourne, FL, for plaintiff.

Carole B. Bess, Cocoa, FL, for defendant/debtor.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the application of Plaintiff, Mary Benell Thornton, seeking attorney's fees and costs. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Facts and Conclusions of Law.

### FINDINGS OF FACT

Edward C. Denton ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on November 20, 1995. Mary Benell Thornton ("Thornton") initiated an adversary proceeding by filing a Complaint Seeking Exception to Discharge on February 13, 1996. Thornton filed an Application for Attorney's Fees and Costs on August 28, 1996.

In the Court's prior Memorandum Opinion dated August 8, 1996, the Court determined that the debt owed to Thornton by the Debtor was excepted from discharge pursuant to § 523(a)(15). The Court entered judgment excepting from discharge the Debtor's debt to Thornton in the amount of $10,574.88 which comprises $3,374.88 for payments made by Thornton on the Barnett Bank of Central Florida loan and $7,200.00 as princi-

pal on the loan. The Court retained jurisdiction on the issue of attorney's fees and costs. A hearing was held on this matter on September 4, 1996.

In May 1989, Thornton and Debtor entered into an agreement whereby the Debtor agreed to obtain a loan from Barnett Bank of Central Florida ("Barnett Bank note") and Thornton agreed to pledge 918 shares of Amoco Corporation Common Stock which she owned as collateral for the Barnett Bank note. The agreement contains a provision whereby Debtor agrees to pay all attorney's fees and costs for work done with respect to the agreement. The Barnett Bank note is part of the underlying obligation arising out of the dissolution and is therefore incurred in connection with the settlement agreement.

Thornton seeks a determination that the provision in the agreement providing Thornton with all attorney's fees and costs is sufficient evidence to support an award of attorney's fees and costs. Thornton requests the Court enter a judgment in her favor in the amount of $4,600.00 attorney's fees and $170.00 costs for a total of $4,770.00. The Court finds that the time spent and rate charged for attorney's fees are reasonable and that costs incurred are allowable and reasonable.

### CONCLUSIONS OF LAW

In *TranSouth Financial Corporation of Florida v. Johnson*, 931 F.2d 1505 (11th Cir.1991), the Eleventh Circuit held that "[o]nce a debt has been determined nondischargeable, a creditor's attorney's fees, if provided for by contract, are included as part of the nondischargeable debt." The term "debt" as used in the Bankruptcy Code is read expansively and may include a debtor's contractual obligation to pay a creditor's attorney's fees based on a successful § 523 action. *TranSouth Financial Corp. of Florida*, 931 F.2d at 1507. A creditor who prevails in a Bankruptcy claim is properly awarded attorney's fees if a valid contract provides for them. *Id.* at 1507.

Section 523 is silent on the issue of whether prevailing creditors are entitled to attorney's fees. *Id.* at 1507 n. 3. "The construction of [a] contract for attorney's fees presents a ... question of local law." *Id.* at 1507 (quoting *Security Mortgage Co. v. Powers*, 278 U.S. 149, 154, 49 S.Ct. 84, 86–87, 73 L.Ed. 236 (1928). The Barnett note clearly provides that the Debtor would be liable for attorney's fees and costs in the event that Thornton had to hire an attorney or institute any legal action with respect to the agreement. Such provisions are enforceable in the State of Florida. *TranSouth Financial Corp. of Florida*, 931 F.2d at 1508.

Thornton's success in the dischargeability proceeding entitles her to attorney's fees and costs provided for by an enforceable contract. Thornton's attorney's fees and costs are included as part of the nondischargeable debt. The Court finds that Thornton's attorney's fees and costs are recoverable.

### AMENDED JUDGMENT

The application of the Plaintiff, Mary Benell Thornton, seeking attorney's fees and costs, having been tried before the Court and after reviewing the pleadings, evidence, exhibits, and arguments of counsel, and in conformity with and pursuant to the Memorandum Opinion dated August 8, 1996 and the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DECREED** that the relief sought in the complaint of the Plaintiff, Mary Benell Thornton seeking exception to discharge pursuant to 11 U.S.C. § 523(a)(15) is **GRANTED** and that **JUDGMENT** is entered in favor of Mary Benell Thornton against the Debtor, Edward C. Denton in the amount of $10,-574.88 which comprises $3,374.88 for payments made by Mary Benell Thornton on the Barnett Bank of Central Florida loan and $7,200.00 as the principal on the loan; it is further

**ORDERED, ADJUDGED, and DECREED** that the relief sought in Plaintiff's, Mary Benell Thornton. Application for Attorney's Fees and Costs is **GRANTED** and that **JUDGMENT** is entered in favor of Mary Benell Thornton against the Debtor, Edward C. Denton in the amount of $4,770.00 which comprises $4,600.00 attorney's fees and $170.00 costs; it is further

ORDERED, ADJUDGED, and DE-CREED the total amount of $15,344.88 owed by Edward C. Denton to Mary Benell Thornton is **EXCEPTED** from discharge pursuant to 11 U.S.C. § 523(a)(15) and shall not be discharged if and when a discharge is granted in this case.