[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10467
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00539-LMM,
Bkcy No. 16-bkc-59986-MGD

In re:

JAMES JOSEPH BAGWELL,

Debtor.

_____

JAMES JOSEPH BAGWELL,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 23, 2018)

Before WILSON, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Joseph Bagwell, a Chapter 7 debtor representing himself, appeals a district court judgment affirming the orders of the bankruptcy court. Bagwell's appeal implicates two bankruptcy court orders. One of them granted Bank of America, N.A.'s motion for relief from the automatic stay imposed under 11 U.S.C. § 362. The other denied Bagwell's ensuing motion, which sought among other things, the withdrawal of the first order and the reinstatement of the stay. Bagwell's appeal raises substantive and procedural challenges to both orders. After careful review, we conclude that the Bankruptcy Court did not abuse its discretion in either order. We therefore affirm the district court's order.

## I. BACKGROUND

Bagwell filed for bankruptcy under Chapter 13 of the Bankruptcy Code in June 2016. Two months later and at Bagwell's request, the bankruptcy court converted his Chapter 13 case into a Chapter 7 case. The Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, which applies to proceedings under both Chapter 7 and Chapter 13, see 11 U.S.C. § 103, went into effect when Bagwell filed his petition. The stay provision temporarily prevents most collection actions against debtors who file for bankruptcy and their property. 11 U.S.C. § 362(a)–(b).

2

Bank of America, the first mortgage holder for a loan on Bagwell's condominium, moved under 11 U.S.C. § 362(d)(2) for relief from the automatic stay. Bank of America's motion included several exhibits, a notice of hearing, and certificates of service for the motion and notice of hearing. Each certificate of service verified that Bagwell had been served at his address of record. Bagwell's address in the certificates is the same address he gave when he filed for bankruptcy and has used throughout these proceedings

Bagwell filed no response to Bank of America's motion. Neither did he appear at the hearing. The bankruptcy court granted Bank of America's motion and modified the stay to allow Bank of America to foreclose on Bagwell's condominium. A copy of the order was mailed to Bagwell at his address of record.

Eleven days later, Bagwell filed what he called a "Motion to Withdraw, Vacate, or Modify Order[;] Motion to Reinstate Automatic Stay[;] Motion to Reset Hearing[;] Motion to Compel Service of Process[;] Motion for Injunction of Foreclosure; Motion to Restrain Creditor Action." In this filing, Bagwell said he never received Bank of America's motion for relief from stay or its notice of hearing. He asked the bankruptcy court to therefore (1) withdraw its earlier order, (2) reinstate the stay in full, (3) order that he be served with the Bank of America motion, and (4) set a new hearing date for that motion to give him time to respond.

3

After a hearing in which this time both sides appeared, the bankruptcy court denied Bagwell's motion in a written order.  The court analyzed his motion as a motion for reconsideration and found that Bagwell had not met the standard for reconsideration.  As for the service issue, the court said:

> In [his] motion, Debtor [Bagwell] asserts that he was not served with the motion for relief. But the certificate of service accompanying the motion lists Debtor's correct address as having been served. Further, even if Debtor had not properly been served, he has not presented a meritorious defense to the motion for relief.

Unlike the order on Bank of America's motion for relief from stay, the order on Bagwell's motion was signed by the bankruptcy court's Chief Judge, rather than the bankruptcy judge assigned to Bagwell's case.

On appeal, the district court affirmed the bankruptcy court.  Bagwell timely filed a notice of appeal to this Court.[1]

## II.  STANDARDS OF REVIEW

In a bankruptcy appeal, we sit as a second court of review of the bankruptcy court's orders.  In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993); see also 28 U.S.C. § 158(d)(1).  In this role, we review the decisions of both the district court and the bankruptcy court.  In re Williams, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam).  We review de novo the district court's order.  Id.  We independently

---

[1] Bagwell's notice and amended notice of appeal reference a district court order denying a motion for reconsideration.  Bagwell doesn't challenge that order in his briefs, so we do not discuss it further here. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

4

review the bankruptcy court's factual and legal determinations, using the same standards of review as the district court.   In re Mitchell, 633 F.3d 1319, 1326 (11th Cir. 2011).

We review de novo the bankruptcy court's conclusions of law and its factual findings for clear error.  Id.  We review a bankruptcy court decision lifting the automatic stay for abuse of discretion. In re Dixie Broad., Inc., 871 F.2d 1023, 1026 (11th Cir. 1989).  Abuse of discretion is likewise the standard we apply when reviewing the denial of a motion for reconsideration unless the motion concerns a void judgment.  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Fed. R. Bankr. P. 9024 (providing the grounds for reconsideration under the Bankruptcy Code as under Federal Rule of Civil Procedure 60).  An abuse of discretion occurs when a court uses an incorrect legal standard, applies the law in an unreasonable or incorrect manner, misconstrues its proper role, follows improper procedures in making a determination, or makes clearly erroneous findings of fact.  Sciarretta v. Lincoln Nat. Life Ins. Co., 778 F.3d 1205, 1212 (11th Cir. 2015).

Though we read a pro se party's briefs liberally, we do not consider arguments not briefed on appeal or raised for the first time in a reply brief. See Timson, 518 F.3d at 874 (citation omitted).

5

### III.  REQUEST TO SUPPLEMENT THE RECORD

The person bringing the appeal has the burden of ensuring the record provides all the evidence he relies on in his claims.  See, e.g., TranSouth Financial Corp. v. Johnson, 931 F.2d 1505, 1506 n.2 (11th Cir. 1991); Fed R. App. P. 10. When an appellant's claim turns on what happened at a hearing, the appellant must provide a transcript of the hearing if it is available.  See Fed R. App. P. 10(a)–(b). If no transcript is available, the appellant must prepare a statement "of the evidence or proceedings from the best available means, including the appellant's recollection."  See Fed R. App. P. 10(b)(2)–(c).  Appellants bear this responsibility even when they are proceeding pro se and in forma pauperis.  See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) (holding the duty to provide transcript on appeal applies to pro se litigants);  Richardson v. Henry, 902 F.2d 414, 415-16 (5th Cir. 1990) (cited with approval in Loren, 309 F.3d at 1304) (holding that inability to pay does not excuse the failure to provide transcripts); cf. 28 U.S.C. § 753(f) (when a district court grants a litigant's request to sue in forma pauperis, that litigant has the right to request transcripts paid for by the United States government).

The district court order affirming the bankruptcy court mentioned Bagwell's duty to provide relevant transcripts on appeal.  Still, Bagwell failed to include a transcript or a statement describing a hearing in the record he gave this Court

several months later.  It was only after Bank of America filed its brief, which

repeatedly highlights the deficiencies of the appellate record, that Bagwell asked

for leave to add a transcript to the record.  Even then, Bagwell did not give a

satisfactory explanation for his failure to file a complete record in the first place.

What's more, he doesn't indicate what a transcript would show or how that

showing would affect our analysis.  Perhaps most important, since it is our analysis

that the bankruptcy court merely followed the mandates of the Bankruptcy Code

when it granted Bank of America relief from stay, the hearing transcript will be of

no aid to us in this appeal.  Bagwell's request to supplement the record is

DENIED.

## IV. DISCUSSION

A.  ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

### 1.  Procedures Involved

Regarding the first order Bagwell asks us to review, he claims that the

procedures the bankruptcy court followed in deciding Bank of America's motion

were improper and deprived him of his constitutional rights.[2]  Specifically,

Bagwell argues the bankruptcy court abused its discretion by allowing another

---

[2] Throughout his briefs, Bagwell mentions his rights to equal protection and due process. However, even with our liberal reading of his briefs, we have been unable to identify the basis for a constitutional equal protection claim.  See e.g., Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265, 97 S. Ct. 555, 563 (1977).  We therefore analyze his constitutional arguments as due process challenges only.

party in the case to set the hearing on its own motion and serve its motion and notice of hearing on Bagwell.

Bagwell has pointed to no fact or law that the bankruptcy court's procedures on hearings and notice are not "reasonably calculated to reach interested parties." See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 318, 70 S. Ct. 652, 659 (1950). We note that the procedures Bagwell deems defective comply with the publicly available rules in effect at the bankruptcy court. See, e.g., Fed. R. Bankr. P. 9014(b); Fed. R. Bankr. P. 7004(b)(9); Fed. R. Bankr. P. 9006(e); Fed. R. Civ. P. 5(b)(2)(C). And beyond that, Bagwell has failed to support his argument that the bankruptcy court's decision relied on procedures that violated his due process rights or were otherwise improper.

## 2. Merits Determination

Many of Bagwell's arguments also appear to assume the order granting Bank of America relief from stay under 11 U.S.C. § 362(d)(2) was substantively improper. However, Section 362(d)(2) requires a court to lift a stay affecting a debtor's property if "the debtor does not have an equity" in the property and the property "is not necessary to an effective reorganization." A creditor who shows those two elements are met is entitled to relief. In re Albany Partners, Ltd., 749 F.2d 670, 673 (11th Cir. 1984). And regarding the second element, we have said that property is "necessary to an effective reorganization" only when a debtor

8

"demonstrate[s] that an effective reorganization is realistically possible; the mere fact that the property is indispensable to the debtor's survival is insufficient." Id. at 673 n.7.

Here, Bank of America argued that both statutory elements were met, and a number of exhibits support its position that Bagwell had no equity in the condominium. Bagwell, who did not participate in these proceedings, failed to rebut Bank of America's evidence or demonstrate that his condominium was necessary to a realistically possible and effective organization. So under the relevant legal framework, the bankruptcy court did not abuse its discretion by granting Bank of America's motion and modifying the stay.

B.  ORDER REFUSING TO REINSTATE THE STAY

1. Procedures Involved

As to the bankruptcy court's order on Bagwell's motion to reinstate the stay, Bagwell again alleges a procedural defect. This time, Bagwell challenges the lawfulness of allowing the Chief Judge of the bankruptcy court to rule on his motion instead of the judge assigned to his case. Like Bagwell's other procedural arguments, this challenge fails because it lacks support.

Bagwell provides no authority for the idea that all judge substitutions are unconstitutional as a matter of law. But Bagwell suggests the judge substitution in his case was improper because it allowed a judge to rule on his motion without

knowing enough about the matter on which she ruled. Yet we have identified no error of fact or law in the ruling to deny Bagwell's motion. This indicates to us the ruling judge had a sufficient grasp of the relevant matter. We see no basis for concluding that the substitution of judges here was improper.

2. Merits Determination

Bagwell essentially argues that the court's refusal to reinstate relied on several determinations that were improper because Bagwell said he had not been served.

To start, Bagwell suggests that, because he says he never received Bank of America's motion in the first place, it was unfair to decide his motion using a motion for reconsideration standard. Yet as a general rule, lack of service may be a basis for reconsideration. See, e.g., Fed. R. Civ. P. 60(b)(4) (standard for reconsiderations of void judgments, including because of lack of service of process). As for Bagwell's argument that his motion does not mention reconsideration, the bankruptcy court correctly applied the standard that fit the purpose of Bagwell's motion. Though Bagwell did not expressly ask the court to revisit its earlier ruling, the relief he requested only made sense if the bankruptcy court revisited its earlier ruling. The bankruptcy court was therefore within its discretion to assess Bagwell's motion under the standard for reconsideration and to require him to show he was entitled to this extraordinary remedy.

10

Bagwell's other merits arguments challenge the two reasons the bankruptcy court gave for denying reconsideration. However, either one of those reasons was independently sufficient to support the bankruptcy court's decision. First, the court found Bagwell failed to show he had not been served with Bank of America's motion and notice of hearing. Indeed while Bagwell produced no evidence to support his claim that he was not served, Bank of America had evidence that he was. So as the district court correctly observed, the bankruptcy court's finding that Bagwell was served cannot be deemed clear error.

Second, the bankruptcy court determined that, even if Bagwell had not been served, reconsideration was not appropriate because he failed to address the plain requirements of § 362(d)(2). In this regard, Bagwell relies on many considerations that, based on the record, he never mentioned to the bankruptcy court. The bankruptcy court could not have abused its discretion by failing to take into account any consideration about which it did not know. True, there is one matter Bagwell discusses here that he also mentioned in at least some bankruptcy proceedings: his hopes of using his bankruptcy to prevent the foreclosure on his condominium and seek refinancing. But however understandable Bagwell's hopes might be, they have little if any significance in Chapter 7 liquidation proceedings and they are not legally relevant under § 362(d)(2). See In re Albany, 749 F.2d at 673 n.7. Again here, the bankruptcy court did not err in finding that Bagwell had

11

no meritorious defense under § 362(d)(2).  The bankruptcy court acted in accord with the statute when it refused to reinstate the stay.

## C.  REMAINING ISSUES

Bagwell argues that the errors he mentions in his briefs also cumulatively constitute a denial of due process and equal protection, justifying sanctions against Bank of America's lawyers.  Because Bagwell has shown no error at all, this argument fails as well.

## V. CONCLUSION

Because the record before us is sufficient to decide all the issues presented in Bagwell's appeal, we DENY Bagwell's request to supplement the record.  We also DENY his request for sanctions against Bank of America's lawyers insofar as he has not shown that the actions of any Bank of America lawyer warrant sanctions.

Having independently reviewed the bankruptcy court orders and the record before us, we agree with the district court that the bankruptcy court did not abuse its discretion in lifting or refusing to reinstate the stay. The district court's judgment affirming the bankruptcy court is

**AFFIRMED**.