[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10891
Non-Argument Calendar

_____

D.C. Docket Nos. 2:18-cv-00812-LSC; 2:07-bkc-01261-DSC-7

In re:

LEE WENDELL LODER,

Debtor,

_____

LEE WENDELL LODER,

Plaintiff-Appellant,

versus

ICEMAKERS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 25, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Lee Loder appeals the district court's judgment affirming the bankruptcy court's denial of his motion for contempt sanctions against one of his creditors, Icemakers, Inc. Loder alleges that Icemakers's efforts to collect on a state court judgment violated his Chapter 7 bankruptcy discharge order and 11 U.S.C. § 524. After a careful review of the record and the parties' briefs, we conclude that there was an objectively reasonable basis for Icemakers to believe that its collection efforts were lawful. We therefore affirm.

I.

Icemakers sued Loder and his business in Jefferson County, Alabama, in a dispute over leased equipment. The parties reached a settlement, and in March 2007, the state court entered a consent judgment in favor of Icemakers in the amount of $5,652.22 (to be paid in installments) plus $296 in court costs. The judgment provided that, in the event of default on the installment payments, postjudgment interest would accrue at the state statutory rate of 12% per annum from the date of default. Loder defaulted almost immediately on the installment payments.

Less than a month after Loder and Icemakers executed their consent judgment in state court, Loder filed a Chapter 7 bankruptcy action, listing

2

Icemakers as an unsecured creditor.  Icemakers filed an adversary proceeding in the bankruptcy action, objecting to the dischargeability of Loder's debt to it.  With the consent of the parties, the bankruptcy court entered an order stating that "judgment is hereby entered against Lee Loder in the amount of $5,652.22" and further stating that "said judgment is non-dischargable pursuant to the provisions of 11 U.S.C. § 523(a)(6)."[1]

Several years later, Icemakers made efforts to collect on the state court judgment, seeking $5,652.22 plus $296 in costs and 12% postjudgment interest. Loder filed a motion for civil contempt and sanctions in the bankruptcy court, arguing that Icemakers's attempts to collect on the state court judgment violated the bankruptcy discharge injunction.  Loder contended that the consent judgment in the dischargeability proceeding replaced the state court judgment, and that the state court judgment—with its associated 12% postjudgment interest rate and state court costs and fees—was discharged in bankruptcy.

The bankruptcy court found that the federal consent judgment did not replace the state court judgment, but merely determined that the debt embodied in the state court judgment was nondischargeable.  Accordingly, the bankruptcy court concluded that Icemakers's attempts to collect the debt had not violated the

---

[1] Section 523(a)(6) provides an exception from discharge for debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

discharge injunction and denied Loder's motion for contempt and sanctions. The district court affirmed, and this appeal followed.

## II.

In bankruptcy cases, we sit as a "second court of review," independently examining the bankruptcy court's decision and applying the same standards of review as the district court. *In re Issac LeaseCo, Inc.*, 389 F.3d 1205, 1209 (11th Cir. 2004) (citation omitted). We review the bankruptcy court's denial of Loder's motion for contempt and sanctions for an abuse of discretion. *See In re Roth*, 935 F.3d 1270, 1274 (11th Cir. 2019); *In re Diaz*, 647 F.3d 1073, 1082 (11th Cir. 2011). "A bankruptcy judge abuses his discretion if he commits an error of law or relies on factual findings that are clearly erroneous." *Diaz*, 647 F.3d at 1082.

## III.

A "court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis in the original). Loder does not dispute that he owed Icemakers $5,652.22, or that that amount was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). He therefore concedes, as he must, that Icemakers's attempts to collect the sum of $5,652.22 did

4

not violate the discharge injunction. *See Diaz*, 647 F.3d at 1088 (the discharge injunction in 11 U.S.C. § 524(a)(2) "does not apply to nondischargeable debts"; accordingly, "holders of *nondischargeable* debts generally may attempt to collect from the debtor personally for such debts" (emphasis in the original) (citation omitted)). But Loder contests Icemakers's right to collect additional sums referenced in the state court judgment, including interest at the state statutory rate and costs and fees imposed by the state court.

It was objectively reasonable for Icemakers to believe that it could legally collect the interest, costs, and fees imposed by the state court, for two reasons. *First*, at least one federal circuit court has concluded that where a prior state court judgment fixes liability for a debt, "the bankruptcy court, in an adversary proceeding to determine whether the debt is dischargeable, cannot issue its own judgment on the debt to replace the state court judgment previously obtained. All the bankruptcy court is called upon, or authorized to do, is to determine whether or not the state judgment is dischargeable." *In re Heckert*, 272 F.3d 253, 257 (4th Cir. 2001). While we have not yet addressed this precise issue in a published opinion, it is well established that collateral estoppel principles bar the relitigation in bankruptcy dischargeability proceedings of issues previously litigated by the same parties and resolved in a state court judgment. *See Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991); *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993);

*see also Unum Life Ins. Co. of Am. v. Wright*, 897 So. 2d 1059, 1082 (Ala. 2004). Because the amount owed to Icemakers, including postjudgment interest and court costs, was litigated by the parties and resolved in the state court consent judgment, Icemakers had at least an objectively reasonable basis for concluding that that issue was not subject to relitigation in the bankruptcy court. *Cf. In re Bulic*, 997 F.2d 299, 304 (7th Cir. 1993) (full faith and credit statute required bankruptcy court to find that the validity and amount of the creditor's claim was established in a prior state court judgment).

*Second*, because the bankruptcy court determined—with Loder's consent—that Loder's debt to Icemakers in the amount of $5,652.22 was nondischargeable debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" under 11 U.S.C. § 523(a)(6), Icemakers had some legal basis to conclude that costs and interest applicable to that debt by agreement or by operation of state law also were nondischargeable. "If a creditor is able to establish the requisite elements of Section 523, the creditor is entitled to collect 'the whole of any debt' he is owed by the debtor." *TranSouth Fin. Corp. of Fla. v. Johnson*, 931 F.2d 1505, 1507 (11th Cir. 1991) (citation omitted). "Debt" excepted from discharge under § 523(a)(6) is construed broadly to mean "*any* liability arising from" the operative "willful and malicious injury by the debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) (emphasis added).

6

In *TranSouth*, we considered the "broad and expansive reading" given to the term "debt" under the Bankruptcy Code and concluded that "the 'debt' excused from discharge in a successful Section 523 action would appear to include a debtor's contractual obligation to pay a creditor's attorney's fees."  931 F.2d at 1507 (citation omitted).  It follows that debt that is nondischargeable under § 523(a)(6) could include the debtor's agreed-upon obligation to pay postjudgment interest at a specified rate.

Supreme Court precedent also supports the conclusion that debt excepted from discharge under § 523(a) may include collateral losses arising from the debtor's wrongful conduct, such as attorney's fees and costs.  *See Cohen*, 523 U.S. at 220, 222.  In *Cohen*, the Supreme Court held that § 523(a)'s discharge exception for fraud "bars the discharge of all liability arising from fraud," including state statutory treble damages, attorney's fees, and court costs associated with a lawsuit to establish the debtor's wrongful conduct.  *Id.* at 223.  While not conclusive, these precedents support Icemakers's conclusion that the costs and postjudgment interest provided in the state court consent judgment were also nondischargeable and subject to collection.

## IV.

Given the state court consent judgment establishing the amount of Loder's debt to Icemakers—including court costs and postjudgment interest—and the

bankruptcy court's determination that Loder's debt to Icemakers was nondischargeable, we cannot say that Icemakers had "no objectively reasonable basis for concluding that" its attempts to collect the state court costs and interest "might be lawful." *Taggart*, 139 S. Ct. at 1799.  We therefore conclude that the bankruptcy court did not abuse its discretion when it found that civil contempt sanctions against Icemakers were not warranted.  We affirm.

**AFFIRMED.**

8