**In the Matter of William A. KENDRICK, Debtor.**

**Fleet Credit Card Services, L.P., Plaintiff,**

v.

**William A. Kendrick, Defendant.**

**Bankruptcy No. 03–42114–PWB. Adversary No. 03–4030.**

United States Bankruptcy Court, N.D. Georgia, Rome Division.

June 24, 2004.

Michael D. Hurtt, Finn & Hurtt, Dalton, GA, for Debtor.

Craig B. Lefkoff, Lefkoff, Rubin & Gleason, PC, Atlanta, GA, for Plaintiffs.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL W. BONAPFEL, Bankruptcy Judge.

Fleet Credit Card Services, L.P. ("Plaintiff"), seeks summary judgment on its complaint that its debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(C). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334. For the reasons stated herein, Plaintiff's motion is granted.

Plaintiff holds an unsecured, non-priority claim against the Defendant, William A. Kendrick ("Debtor"), arising from a credit card account opened in July 2002. The credit limit on Debtor's account was $9,000.

Around April 15, 2003, Debtor's account balance was $1,035.22. Over about the next two months, through June 8, 2003, Debtor incurred $7,402.25 in charges and cash advances on the account. A little over a month later, on July 11, 2003, Debtor filed his Chapter 7 petition.

Plaintiff alleges that Debtor never intended to pay the debts he incurred for charges and cash advances that occurred during this two month period. Further, Plaintiff alleges that Debtor incurred them when he did not have the ability to pay. Plaintiff contends that the charges and cash advances were obtained through false pretenses, a false representation, or actual fraud by Debtor and are nondischargeable pursuant to § 523(a)(2)(A). Plaintiff also contends that Debtor incurred charges of $3,252.07 in luxury goods and services and $1,523.75 in cash advances within 60 days of filing bankruptcy and that, pursuant to § 523(a)(2)(C), such charges are presumed nondischargeable under § 523(a)(2)(A).

Debtor timely filed an answer to the complaint, but did not answer Plaintiff's requests for admissions and did not file a response to Plaintiff's motion for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure, applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Maniccia v. Brown,* 171 F.3d 1364, 1367 (11th Cir. 1999). In reviewing a motion for summary judgment, the court must view the record and all inferences therefrom in a light most favorable to the nonmoving party. *See WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988). "The party seeking summary judgment bears the initial burden to demonstrate to the [trial] court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact.... If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going through the pleadings, that there exist genuine issues of material fact." *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993), *reh'g denied,* 16 F.3d 1233 (11th Cir.1994).

■ Section 523(a)(2)(A) provides that a discharge under chapter 7 does not discharge a debtor from a debt for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A). The burden is upon the creditor to prove all of the elements of fraud under this section. *Equitable Bank v. Miller (In re Miller),* 39 F.3d 301, 304 (11th Cir.1994). A creditor must prove each element by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ To establish nondischargeability of a debt based on false pretenses or false representation the creditor must show, among other things, a false representation. To meet this requirement in the context of a credit card debt, this Court holds there must be an express representation or use of a credit card after the issuer has revoked it. *FDS National Bank v. Alam (In re Alam),* 314 B.R. 834, 2004 WL 2191546 (Bankr.N.D.Ga.2004), *citing First Nat. Bank of Mobile v. Roddenberry (In re Roddenberry),* 701 F.2d 927 (11th Cir. 1983). The record does not establish that there are no disputed material facts with regard to the issue of whether there was a false representation.

Plaintiff's contention that the debt is nondischargeable due to Debtor's actual fraud, however, does not rely on the existence of a false representation. Instead, Plaintiff claims that it has established actual fraud based on the fact that Debtor never intended to pay it for the charges.

■ Although many fraud claims involve a false representation, a false representation is not essential to an actual fraud claim under § 523(a)(2)(A). Rather, "actual fraud" is a much broader term than false pretenses or false representation and may encompass "deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *McClellan v. Cantrell (In re Cantrell),* 217 F.3d 890, 893 (7th Cir.

2000), *quoting* 4 Lawrence P. King, COL-LIER ON BANKRUPTCY ¶ 523.08[1][e] (15th ed.2000). Thus, the court in *McClellan* observed, *id.* at 893:

> Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. *Stapleton v. Holt,* 207 Okla. 443, 250 P.2d 451, 453–54 (Okla.1952).

*Accord, Mellon Bank, N.A. v. Vitanovich (In re Vitanovich),* 259 B.R. 873, 877 (6th Cir. BAP 2001) ("When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right," the debtor has committed actual fraud.)

■ Under these principles, a debtor commits actual fraud for purposes of § 523(a)(2)(A) if the debtor uses a credit card without the actual, subjective intent to pay the debt thereby incurred. *E.g., Citibank (South Dakota), N.A. v. Brobsten (In re Brobsten),* 2001 WL 34076352 (Bankr.C.D.Ill. Nov.20, 2001); *cf. Chase Manhattan Bank (U.S.A.), N.A. v. Carpenter (In re Carpenter),* 53 B.R. 724, 730 (Bankr.N.D.Ga.1985) (holding that representation is necessary element of actual fraud and that use of credit card is representation of intent to pay, but finding creditor had not proved subjective intent not to pay).

■ In *Citibank (South Dakota), N.A. v. Kim (In re Kim),* Civ. No. 1:02–CV-0314–JOF (N.D.Ga. Apr. 1, 2003) (slip opinion), the District Court held that, under *First Nat. Bank of Mobile v. Roddenberry (In re Roddenberry),* 701 F.2d 927 (11th Cir.1983), actual fraud for purposes

of § 523(a)(2)(A) could not be established based on implied representations of intent and ability to pay arising from a debtor's use of a credit card in the absence of use after the creditor revoked it. This Court has come to the same conclusion. *Alam, supra.* As explained in *Alam,* however, these cases do not require a conclusion that actual fraud cannot be established by proof of an actual, subjective intent not to pay a credit card debt when it is incurred. The holdings and analyses of *Roddenberry* and *Kim* involve determination of non-dischargeability based on implied representations and did not address the issue of actual fraud based on a showing of actual, subjective intent not to pay at the time charges are incurred. Thus, if a creditor establishes a debtor's actual, subjective intent (based on evidence of something *other* than implied representations), the debt is nondischargeable because of the debtor's actual fraud.

■ The issue, then, is whether Debtor had the actual, subjective intent to defraud the creditor at the time the charges were incurred. *E.g., McClellan,* 217 F.3d at 894 (Section 523(a)(2)(A) includes only actual fraud and the debtor's intent at the time of the alleged fraudulent conduct is the issue "whether the intent to defraud was implemented by a misrepresentation or by some other improper means"); *Brobsten, supra* at *4 ("A credit card issuer may establish actual fraud for purposes of Section 523(a)(2)(A) by proving that the debtor's use of the card was made with an actual, subjective intent not to repay the issuer by discharging the debt in bankruptcy or otherwise").

Plaintiff alleges that the charges and cash advances totaling $7,402.25 were incurred by Debtor without the intent to pay the balance at the time they were made. (Complaint, ¶ 10). In support of its motion

for summary judgment, Plaintiff relies on its requests for admission to which Debtor did not respond. Request number 4 states as follows:

> At the time which you obtained the $7,402.25 in merchandise charges and cash advances between April 15, 2003 and June 8, 2003 shown in Exhibit A, you did not intend to repay the charges.

Debtor's failure to respond to this request means it is deemed admitted. FED. R. CIV. P. 36(a) (applicable under FED. R. BANKR.P. 7036(a)). Any matter admitted under Rule 36 is "conclusively established" unless the court on motion permits withdrawal or amendment of the admission.[1] For the same reasons, Debtor has admitted the amount of the debt. (Requests 1, 2).

Because Debtor has admitted that he lacked the intent to pay an undisputed debt, there is no issue of material fact in dispute. As a result, entry of summary judgment on Plaintiff's § 523(a)(2)(A) nondischargeability claim is appropriate and discussion of Plaintiff's invocation of § 523(a)(2)(C) is moot. The fact that Debtor admits the subjective fraudulent intent distinguishes this case from *Alam*, *supra*, in which this Court declined to enter default judgment where the complaint alleged actual fraud based solely on a conclusory allegation of intent not to repay.

 Plaintiff has requested attorney's fees and court costs in connection with bringing this adversary proceeding. In *TranSouth Financial Corp. of Florida v. Johnson*, 931 F.2d 1505 (11th Cir.1991), the Eleventh Circuit held that a creditor who prevails in a dischargeability proceeding may recover attorney's fees if the fees are provided for in a contract between the parties. Further, the Court held that the construction of a contract for attorney's fees presents a "question of local law." *Id.* at 1507. Under Georgia law, a contractual provision for attorney's fees is enforceable only if the creditor gives ten days written notice of the principal and interest due and its intent to enforce the contractual attorney's fee provision, and the debtor subsequently fails to pay. O.C.G.A. § 13–1–11(a)(3). Although paragraph 18 of the Cardholder Agreement provides for payment of Plaintiff's attorney's fees and costs, there is no evidence that Plaintiff complied with the requirements of O.C.G.A. § 13–1–11(a)(3) prior to the filing of this bankruptcy case. *See American Express Travel Related Svcs., Inc. v. Jawish (In re Jawish)*, 260 B.R. 564 (Bankr. M.D.Ga.2000) (plaintiff not entitled to attorney's fees because no notice given under O.C.G.A. § 13–1–11(a)(3) prior to commencement of case). Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment is **GRANTED.** Plaintiff's claim in the amount of $7,402.25 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Plaintiff may file proof of its compliance with O.C.G.A. § 13–1–11(a)(3) and a statement of attorney's fees and costs incurred for this action within 30 days of date of entry of this Order. Failure to file proof of compliance with O.C.G.A. § 13–1–11(a)(3) shall result in denial of Plaintiff's request for fees and costs.

---

1. Plaintiff also cites *Chase Manhattan Bank (U.S.A.), N.A. v. Carpenter (In re Carpenter)*, 53 B.R. 724, 730 (Bankr.N.D.Ga.1985), in support of its argument that Debtor did not intend to pay the charges. *Carpenter* sets forth a number of factors the creditor there urged the court to consider in determining whether the debtor had the intent to pay credit card charges. Because Debtor has admitted that he did not intend to pay the charges, it is unnecessary to consider the applicability of such factors to this case.