**In the Matter of Elizabeth Allgood HAMPSON and Jason Hampson, Debtors.**

**Chase Bank USA, N.A., Plaintiff**

**v.**

**Elizabeth Hampson, Defendant.**

**Bankruptcy No. 09–40761–PWB. Adversary No. 09–4059.**

United States Bankruptcy Court, N.D. Georgia, Rome Division.

Sept. 14, 2009.

Barbara B. Liu, Mark J. Windham, Si-cay–Perrow, Knighten & Bohan, P.C., Atlanta, GA, for Plaintiff.

Holly Cohen McMurray, Almand & Cohen, LLC, Hiram, GA, for Defendant.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

PAUL W. BONAPFEL, Bankruptcy Judge.

Chase Bank USA, N.A. (the "Plaintiff") seeks entry of default judgment on its claim that its debt, consisting of cash advances incurred by the Debtor, Elizabeth Hampson, within 174 days of filing bankruptcy, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(C).[1]

The Plaintiff has moved for entry of default judgment on its dischargeability claims. Entry of default judgment is discretionary. *See* Fed.R.Civ.P. 55(b) (applicable under FED. R. BANKR. P. 7055). "[A] defendant's default does not in itself

---

1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Construction Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Because the complaint does not allege facts sufficient to establish that § 523(a)(2)(C) is applicable and because it lacks specific factual allegations from which a finding of actual, subjective fraudulent intent to establish actual fraud under § 523(a)(2)(A) could be inferred, the Court will not enter default judgment.

■ As a procedural matter, the Plaintiff is not entitled to entry of default judgment. Rule 55(b)(2) of the Federal Rules of Civil Procedure (applicable under FED. R. BANKR.P. 7055) states "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." In addition, the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, requires a plaintiff seeking default judgment to file an affidavit indicating whether the defendant is in the military service or whether the plaintiff is unable to determine the defendant's military status. The Plaintiff has failed to file an affidavit setting forth whether the Debtor falls within any of these delineated groups. As a result entry of default judgment is not appropriate.

The more fundamental problem for the Plaintiff is that its complaint fails to state a claim for relief. Section 523(a)(2)(A) provides that a discharge under chapter 7 does not discharge a debtor from a debt for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(C) provides that

(C)(i) for purposes of subparagraph (A)—

(I) consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and

(II) cash advances aggregating more than $825 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title are presumed to be nondischargeable.

The Plaintiff contends that it is entitled to default judgment because advances obtained by the Debtor are presumptively nondischargeable pursuant to § 523(a)(2)(C). Specifically, the Plaintiff contends that "Within 174 days prior to the date of [the Debtor's] bankruptcy filing, [the Debtor] accumulated cash advances in the amount of $6,900.00." (Complaint, ¶ 6).

As a starting point in this analysis, it must be noted that § 523(a)(2)(C) itself does not create a separate class of nondischargeable debts; section 523(a)(2)(C) merely creates a presumption of nondischargeability for purposes of § 523(a)(2)(A) for certain debts based on the nature of the debt, its amount, and the date on which it was incurred. If the presumption is triggered, the burden shifts to the Debtor to rebut the presumption of nondischargeability.

■ The Court concludes that the Plaintiff's complaint fails to allege facts sufficient to establish that the "cash advances" at issue fall within the parameters of § 523(a)(2)(C). Section 523(a)(2)(C)'s presumption of nondischargeability with respect to cash advances is triggered only by advances obtained by a debtor *on or within 70 days* of the bankruptcy filing. Thus,

any cash advances obtained by the Debtor between 71 and 174 days of the bankruptcy filing are irrelevant for purposes of the presumption period. Because the Plaintiff has not demonstrated (or even alleged) that any of the cash advances were obtained on or within 70 days of filing, the Plaintiff has not demonstrated that its debt falls within the presumption of nondischargeability of § 523(a)(2)(C).

The Plaintiff also seeks entry of default judgment on its § 523(a)(2)(A) claim. Even if the Plaintiff fails to establish that its debt is entitled to a presumption of nondischargeability under § 523(a)(2)(C), it, nevertheless, may establish nondischargeability under § 523(a)(2)(A) if it can establish all the elements of such claim.

▮ In *FDS National Bank v. Alam (In re Alam)*, 314 B.R. 834 (Bankr.N.D.Ga. 2004), this Court set forth the criteria for establishing nondischargeability under § 523(a)(2)(A). In *Alam*, the plaintiff, a credit card company, contended that each use of the debtor's available credit line for a purchase or a cash advance was a representation that he had the ability and intent to repay the debts incurred (the "implied representation theory"). The Court rejected this implied representation theory and instead held that, in order for a Plaintiff to prevail on a false representation or false pretenses claim, the plaintiff must show an express, affirmative representation made by the debtor to the plaintiff or use of the card after clear communication of its revocation. *Alam*, 314 B.R. at 838–839 (*citing First Nat. Bank of Mobile v. Roddenberry (In re Roddenberry)*, 701 F.2d 927 (11th Cir.1983)). With respect to actual fraud, the Court also rejected the implied representation theory and held that "a debtor commits actual fraud for purposes of § 523(a)(2)(A) if the debtor uses a credit card without the actual, subjective intent to pay the debt thereby incurred." *Id.* at 841. Such a claim is established by showing sufficient facts from which the Court may draw an inference of the debtor's actual, subjective fraudulent intent. *Id.* at 843.

▮ As an initial matter, the Court concludes that the Plaintiff has not set forth a factual basis for false pretenses or false representation since the Plaintiff has failed to allege that the Debtor made an express, affirmative representation or that it had revoked the Debtor's use of the account. Further, in *Alam*, the Court expressly rejected the implied representation theory with respect to false pretenses or false representation claims that this complaint pleads.

▮ With respect to actual fraud, the Plaintiff's complaint also fails. Here, the Plaintiff's complaint is deficient because it relies on the implied representation theory (Complaint, ¶¶ 5, 6, 8). This Court has rejected the theory that a debtor's intent not to pay may be inferred solely from the inability to pay. *See Alam*, 314 B.R. at 839–840. For purposes of actual fraud, the Court's focus is instead on whether the Debtor had the *actual, subjective intent* to pay the debt.

Under the subjective intent analysis, the Plaintiff has made no allegations from which, if true, the Court can draw an inference of the Debtor's actual, subjective fraudulent intent. *Alam*, 314 B.R. at 843. Instead, the Plaintiff contends that the Debtor's fraudulent intent is demonstrated as follows (Complaint, ¶ 8):

> At the time of each action and representation [ ], Defendant did not have the ability to repay Plaintiff, and Defendant knew or should have known of this inability to repay, or incurred the debt with reckless disregard as to the belief that Defendant could repay the debt to Plaintiff. Defendant was already insolvent at

the time of the cash advances and/or purchases, and did not have the present ability or realistic future possibility to repay the debt. Defendant was insolvent in that Defendant earned $2,568.72 per month with monthly expenses of $3,038.04. Defendant therefore had an actual, subjective intent to defraud Plaintiff by accepting the benefits of the credit line without ever intending to repay same.

Essentially, the Plaintiff argues that fraud exists because the Debtor used the card for transactions while insolvent, the Debtor did not have the current or prospective ability to pay, and did not pay. These allegations alone do not state a claim for relief because they do not demonstrate a subjective, fraudulent intent. This Court previously observed in *Alam* that "subjective intent is not established solely by the fact that an insolvent debtor used a credit card and did not have the ability to pay the debt." *Alam*, 314 B.R. at 839. The Plaintiff has made no other specific factual allegations from which actual, subjective fraudulent intent may be inferred. Thus, notwithstanding the Debtor's failure to respond to the complaint, the Plaintiff's implied representation theory does not provide a basis for establishing fraud. No admission occurs as to "facts that are not well-pleaded." *Nishimatsu Construction Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

The filing of this motion raises two troubling issues for the Court. First, five years after this Court's *Alam* decision, the Plaintiff's attorney has filed a complaint that ignores the holding of *Alam*. The Plaintiff's law firm cannot plead ignorance; it was also the firm representing the plaintiff in the *Alam* decision and, thus, is well aware of this Court's requirements for the pleading and proof of a § 523(a)(2)(A) and

(a)(2)(C) claim. The continued reliance on the "implied representation theory" in such circumstances is a strategy that appears foolish at best (denial of motion for default judgment or dismissal of the claim), and reckless at worst (*see* 11 U.S.C. § 523(d)).

■ Just as troubling is the Debtor's attorney's disregard of this Court's instruction in *In re Egwim*, 291 B.R. 559, 580 (Bankr.N.D.Ga.2003). The failure to respond to a complaint and motion that so plainly fail to state a factual basis for relief is an abdication of responsibility to the client. The Court notes that the Debtor's attorney has attempted to except representation in adversary proceedings from the scope of its representation of the Debtor.[2] However, unless and until the Debtor's attorney is permitted to withdraw from representation, the Debtor's attorney has a responsibility to the client to protect her interests. *See In re Egwim*, 291 B.R. 559, 580 (Bankr.N.D.Ga.2003) ("A lawyer must represent the debtor in connection with all adversary proceedings and contested matters filed in the case which may affect the debtor's rights and interests unless and until the lawyer withdraws in accordance with BLR [9010–5(b) ]."). Here, failing to respond had the potential for entry of a judgment against the Debtor, a result directly adverse to one of the Debtor's primary objectives—obtaining a discharge. Counsel for the Plaintiff and the Debtor are advised to govern themselves accordingly or face potential sanctions in this or any other future case.

■ Based on the foregoing, the Court concludes that no basis for entry of default judgment exists because the complaint does not allege facts sufficient to establish that § 523(a)(2)(C) is applicable and be-

**2.** Disclosure of Compensation of Attorney for Debtor, Doc. 1, filed in Case 09–40761–PWB.

cause it lacks specific factual allegations from which a finding of actual, subjective fraudulent intent to establish actual fraud under § 523(a)(2)(A) could be inferred.[3] The Plaintiff may amend its complaint to address the deficiencies within 30 days after entry of this Order. The Plaintiff shall serve any amendment on the Debtor and the Debtor's counsel in accordance with FED R. BANKR.P. 7004. The Debtor shall have 30 days after service to file responsive pleadings. If no response is timely filed to an amended complaint, the Plaintiff may file a second motion for default judgment.

Alternatively, if the Plaintiff declines to amend the complaint and elects to stand on its complaint as filed, the Court will schedule a hearing at which the Plaintiff may introduce evidence to establish a claim for nondischargeability under § 523(a)(2)(A) on the basis of the Debtor's actual fraud. The Plaintiff shall advise the Court of such election by filing a request for a hearing within 30 days after entry of this Order.

If the Plaintiff does not timely amend the complaint or request a hearing on the actual fraud theory, the Court will enter an order and judgment dismissing the complaint. Accordingly, it is

ORDERED that the Plaintiff's motion for default judgment is DENIED and that the Plaintiff proceed as set forth above; and it is

FURTHER ORDERED that, if the Plaintiff fails to amend and serve its complaint or to request a hearing as set forth above within 30 days from entry of this

Order, the Court will enter an order and judgment dismissing the complaint.

---

3. The Plaintiff's complaint also asserts that the debt is nondischargeable under § 523(a)(6), though the Plaintiff has not sought default judgment on this basis. (Complaint, ¶ 10). Section 523(a)(6) provides that a discharge under section 727 of Title 11 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The complaint asserts no facts whatsoever to support a claim for relief under § 523(a)(6).