In re Furaha QUINN, Debtor.

FIA Card Services N.A., Plaintiff,

v.

Furaha Quinn, Defendant.

Bankruptcy No. 12–73276–WLH.
Adversary No. 12–5652.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 30, 2013.

---

**96.** Adv. Doc. No. 27–2 at p. 37, ll. 7–18.

**97.** Adv. Doc. No. 46 at 7.

Elizabeth H. Parrott, Nashville, TN, for Plaintiff.

Furaha Quinn, Stockbridge, GA, pro se.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WENDY L. HAGENAU, Bankruptcy Judge.

This matter is before the Court on the Defendant's *pro se* Response to Plaintiff's Complaint Objecting to Dischargeability of Indebtedness and Further Motion Requesting Summary Judgment in Favor of Defendant (the "Motion") [Docket No. 5]. Defendant filed her Bankruptcy case on September 18, 2012. Plaintiff commenced this adversary proceeding on December 17, 2012, seeking a monetary judgment in the amount of $6,299 for certain credit card charges as well as a judgment that it is non-dischargeable in Defendant's Chapter 7 case pursuant to 11 U.S.C. § 523(a)(2)(A). [Docket No. 1]. As this matter arises in connection with a complaint to determine dischargeability, it constitutes a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I); § 1334.

The Court has reviewed the Motion and Plaintiff's Response thereto and Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment.

### Standard for Motion for Summary Judgment:

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "The substantive law [applicable to the case] will identify which facts are material". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The party moving for summary judgment has "the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.,* 941 F.2d 1428, 1437 (11th Cir.1991) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial. "When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim,' in order to discharge this 'initial responsibility'. Instead, the moving party simply may 'show[ ]'— that is, point[ ] out to the ... court—that there is an absence of evidence to support the nonmoving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Four Parcels of Real Prop.,* 941 F.2d at 1437–1438 (citations omitted).

In the Eleventh Circuit, "it is never enough simply to state that the nonmoving party cannot meet its burden at trial ... Instead the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial." *Four Parcels of Real Prop.,* 941 F.2d at 1438 n. 19; *see also Haines v. Cherokee County,* 2010 WL 2821853, *27 (N.D.Ga. 2010). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed. R.Civ.P. 56(e). Rather, the non-moving party must present specific facts that demonstrate there is a genuine dispute over material facts. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993). Lastly, when reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Hairston,* 9 F.3d at 918. With this standard in mind, the Court evaluates the requirements necessary to establish non-dischargeability in credit card cases under 11 U.S.C. § 523(a)(2)(A).

### Dischargeability under Section 523(a)(2)(A) in Credit Card Cases:

Plaintiff's Complaint seeks a determination that Plaintiff's claim is non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A)

withholds a discharge from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A). The burden is on the creditor to prove non-dischargeability under this section. *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). The elements required to assert a Section 523(a)(2)(A) claim for false representation are: (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the representation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation. *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir.1998); *Matter of Ford*, 186 B.R. 312, 316 (Bankr.N.D.Ga.1995). False pretenses is defined as "[A] series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or false and misleading understanding of a transaction, in which a creditor is wrongfully induced by the debtor to transfer property or extend credit to the debtor...." *In re Burke*, 405 B.R. 626, 645 (Bankr.N.D.Ill. 2009) *aff'd sub nom ColeMichael Investments, L.L.C. v. Burke*, 436 B.R. 53 (N.D.Ill.2010). Actual fraud under Section 523(a)(2)(A) "embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another ... [I]t includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *Id.* at 646 (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir.2000)). Breach of a mere promise to pay on a contract, without more, does not constitute false representation, false pretenses, or actual fraud. E.g., *Chase Manhattan Bank (U.S.A.), N.A. v. Carpenter (In re Carpenter)*, 53 B.R. 724, 730–731 (Bankr.N.D.Ga.1985).

### a. False Pretenses or False Representations:

█ Numerous decisions in the Northern District of Georgia lay out the applicability of Section 523(a)(2)(A) to credit card debt, and the analysis will not be fully restated here. It is clear in the Eleventh Circuit that implied representations are not sufficient to establish that the use of a valid credit card constitutes false pretenses or false representations. *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983) (reversing and remanding for evidence on prior revocation of debtor's right to use and possession of credit card) [1]; *In re Morrow*, 488 B.R. 471 (Bankr.N.D.Ga.2012) (holding facts plead sufficient to defeat motion to dismiss); *In re Matveyev*, 2010 WL 2036690 (Bankr. N.D.Ga.2010) (denying default judgment); *In re Alam*, 314 B.R. 834 (Bankr.N.D.Ga. 2004) (denying default judgment); *Citibank (South Dakota) v. Kim (In re Kim)*, 2003 U.S. Dist. LEXIS 25566 (March 26, 2003) (affirming denial of default judgment). A creditor is considered to assume a risk of non-payment "until it is clearly shown that the [creditor] unequivocally and unconditionally revoked the right of the cardholder to further possession and use of the card and until the cardholder is aware of this revocation." *Alam*, 314 B.R. at 838 (*quoting Roddenberry* at 932). The bankruptcy court in *Alam* concluded that "nondischargeability based on false pre-

---

1. Although *Roddenberry* was decided under Section 17a(2) of the Bankruptcy Act, the similarities between Section 17a(2) and Section 523(a)(2)(A) give the case law construing Section 17a(2) precedential value in Section 523(a)(2)(A) cases. *In re Chowdhury*, 05–75674–MHM, 2006 WL 6589910, *1 (Bankr. N.D.Ga.2006).

tenses or false representation requires an express, affirmative representation[.]" *Id.* at 838. In *Roddenberry,* the court held that using a credit card after revocation constitutes an affirmative representation that one is entitled to possess and use the card. Parties are free to allege other affirmative representations.

■ Here, Count I of Plaintiff's Complaint alleges that, by entering into the agreement, Defendant agreed to be bound by the terms of the contract. (Complaint, ¶ 13) This allegation is insufficient to establish a false representation, false pretense, or actual fraud. *Carpenter,* 53 B.R. at 730. Plaintiff further alleges that Defendant's use of the card is an implied representation of payment.[2] (Complaint, ¶¶ 14–15). Again, this allegation falls short. *In re Kendrick,* 314 B.R. 468, 471 (Bankr.N.D.Ga.2004) (requiring express representation). Plaintiff has alleged neither an affirmative representation made by the Defendant, nor that Defendant's credit card was revoked prior to the Defendant's incurrence of the charges on the credit card. Moreover, because Section 523(a)(2)(A) excludes statements respecting the debtor's financial condition, the Defendant's use of the credit card cannot be deemed a representation that she had the ability to repay. Such statements must be in writing in order to be actionable. 11 U.S.C. § 523(a)(2)(B). Consequently, the Plaintiff has not sufficiently alleged and cannot defeat Defendant's Motion for Summary Judgment under the theories of false pretenses or false representation.

Plaintiff, however, also asserts the Defendant committed actual fraud as contemplated by Section 523(a)(2)(A) and Count II of Plaintiff's Complaint sets out several

indicia of Defendant's intent not to repay the debt in question. (Complaint, ¶ 18, 22).

#### b. *Actual Fraud:*

■ As with false pretenses or representations, an implied representation will not establish actual fraud under Section 523(a)(2)(A). *Morrow,* 488 B.R. at 479. However the existence of a fraudulent representation is not a prerequisite to establishing actual fraud. Actual fraud encompasses a wider range of behavior than false representations or false pretenses. *McClellan,* 217 F.3d at 893.

■ To establish actual fraud under Section 523(a)(2)(A), a creditor must prove a debtor used a credit card without the actual, subjective intent to pay the debt thereby incurred. *Alam,* 314 B.R. at 841. "Objective" intent is not the standard for non-dischargeability under Section 523(a)(2)(A). *Matveyev,* 2010 WL 2036690, *2. "[S]ubjective intent is not established solely by the fact that an insolvent debtor used a credit card and did not have the ability to pay the debt." *Alam,* 314 B.R. at 839. Plaintiff must advance facts that show Defendant used the card while possessing the subjective intent not to repay.

■ Whether a particular debtor had no intention to repay the charges is a determination made on a case by case basis in light of the totality of the circumstances. *See Carpenter,* 53 B.R. at 730; *In re Huynh,* 2008 WL 7874785, *3–4 (Bankr.N.D.Ga.2008). When analyzing subjective intent, relevant points of consideration on the question should include: (1) the length of time between the charges made and the bankruptcy; (2) whether or

---

**2.** Plaintiff's counsel practices in this Circuit regularly and knows these allegations are insufficient in this Circuit. Continued use of such allegations may subject counsel to sanctions.

not an attorney has been consulted concerning the filing of bankruptcy before the charges are made; (3) the number of charges made; (4) the amount of the charges; (5) the financial condition of the debtor at the time the charges are made; (6) [whether] the debtor [made] multiple charges on the same day; (7) whether or not the debtor was employed; (8) the debtor's prospects for employment; (9) whether there was a sudden change in the debtor's buying habits; and (10) whether the purchases were made for luxuries or necessities. *Ford,* 186 B.R. at 320 *(referencing Carpenter,* at 730). The presumption of 11 U.S.C. § 523(a)(2)(C) does not arise here since the purchases were incurred greater than ninety (90) days before Defendant's bankruptcy filing. The Court now turns to the Complaint.

 Plaintiff asserts that Between May 29, 2012 and June 18, 2012, the defendant incurred $2,399 in retail charges on the account and on June 18, 2012, an additional $3,900 in cash advances and/or convenience check charges. (Complaint, ¶¶ 8, 9). Plaintiff asserts that "upon information and belief", the charges were for "consumer debt" as defined in 11 U.S.C. § 101(8) and that certain charges were incurred for goods and services not reasonably necessary for the maintenance or support of the Defendant or Defendant's dependants, including charges to Tarailers [sic] for Less, Wyndham Vacation Resort, and Landmark DCJ. (Complaint, ¶ 10, 12).

Defendant's answer denies the allegations and provides explanations for some of the charges. The pleadings indicate that the material fact of whether, at the time of the purchases, Defendant lacked the subjective intent to repay the charges incurred is disputed. As with most credit card dischargeability cases, the facts provide support for different inferences. On a motion for summary judgment, the Court must view the evidence in the light most favorable to Plaintiff as the non-moving party. Moreover, the Court notes Defendant's Motion was filed with her answer. "[I]f it appears that the record presented in the early stage of litigation is inadequate because the litigants did not have the full benefit of complete and adequate discovery, it is improper to dispose of the issues in a summary fashion." *In re Bicoastal Corp.,* 124 B.R. 593, 594 (Bankr. M.D.Fla.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Although Defendant has asserted reasons why Defendant made the charges at issue, she has not established with undisputed facts her subjective intent was to repay Plaintiff. In light of the parties' dispute as to this material fact, Defendant is not entitled to judgment as a matter of law on Plaintiff's allegations of actual fraud.

Accordingly, it is hereby **ORDERED,** that Debtor's Motion for Summary Judgment is **GRANTED** as to the allegations of false representations and false pretenses and **DENIED** as to the allegations of actual fraud.

The clerk is directed to serve a copy of this order on Plaintiff, Attorney for Plaintiff, Defendant, the United States Trustee, and all other parties in interest.